**SECURITIES EXCHANGE COMMIS-SION, Applicant,**

**v.**

**LOCKHEED AIRCRAFT CORPORA-TION and Daniel J. Haughton, Respondents.**

**Misc. No. 75–0189.**

United States District Court,
District of Columbia,
Civil Division.

Dec. 18, 1975.

| | |
|---|---|
| Missouri: | Rev.Stat. of Mo. §§ 544.190, 559.040 (1969) |
| Montana: | Rev.Code of Mont. §§ 94–2512, 94–2513 (1947) |
| Nevada: | Nev.Rev.Stat. § 200.140 (1973) |
| New Hampshire: | N.H.Rev.Stat. § 594.4 (1974) |
| New Jersey: | N.J.Stat.Ann. § 2A:133–6 (1969) |
| New Mexico: | N.M.Stat.Ann. § 40A–2–7 (1963) |
| Ohio: | Ohio Rev.Code § 3773.04 (1953) |
| Oklahoma: | Okla.Stat.Ann., ch. 21, § 732 (1951) |
| Oregon: | Ore.Rev.Stat. § 161.239 (1974) |
| Rhode Island: | Gen.Laws of R.I. § 12–7–9 (1969) |
| South Carolina: | Code of Laws of S.C. § 17–252 (1962) |
| South Dakota: | S.C. Compiled Laws § 22–18–2 (1967) |
| Tennessee: | Tenn.Code § 40–808 (1956) |
| Texas: | Texas Code of Crim.Proc. § 15.25 (1965) |
| Utah: | Utah Code Ann. § 77–13–11 (1953) (warrant required) |
| Vermont: | Vt.Stat.Ann., Title 13, § 2305 (1974) |
| Washington: | Rev.Code of Wash. § 10.31.050 (1961) |

Stanley Sporkin, S.E.C., Washington, D.C., for applicant.

William R. Glendon, Washington, D.C., for respondents.

## AMENDED MEMORANDUM AND ORDER

JOHN H. PRATT, District Judge.

On October 9, 1975, the Securities and Exchange Commission applied to this Court for an Order requiring Lockheed Aircraft Corporation, and Daniel J. Haughton to testify and produce records in connection with a private investigation, *In the Matter of Lockheed Aircraft Corporation,* in accordance with a subpoena, duly issued and served by the Securities and Exchange Commission upon the respondents herein. Affidavits, exhibits, and memoranda of law were filed on behalf of all parties, and this Court heard extensive argument on October 21, 1975. It was admitted by respondents that there was no valid legal basis to resist the order requested, but that public disclosure of certain names of foreign officials might be prejudicial to Lockheed and to the individuals themselves and adverse to our foreign relations. Upon completion of the hearing, this Court suggested that there might be ground for compromise, and charged counsel to work towards a solution acceptable to both sides along the lines of a code with which to identify persons mentioned in the subpoenaed documents in order to protect against public disclosure of the names.

On October 28, 1975, the Court again convened, and was informed that some progress had been made, but that substantial areas of disagreement remained. The applicant was then given one week within which to submit a proposed order and a memorandum in support thereof, and respondents were given one week after that submission to respond.

Throughout the written pleadings, and certainly a theme stressed by respondents during hearings in this case, was the argument that public disclosure of the names of the foreign officials, mentioned in the subpoenaed documents, would damage both the business position of Lockheed, and the foreign relations of the United States. However, after all filings were completed, the record still appeared lacking in expert opinion regarding the potential effect on foreign relations. Consequentially, counsel for Lockheed contacted representatives of the State Department, and requested

that they examine the documents and advise the Court. On December 11, 1975, the Department of Justice, pursuant to 28 U.S.C. § 517, filed a Suggestion of Interest of the United States, at the request of the Secretary of State.

It is of no little significance that the Suggestion of Interest substantially supports the efforts of the Securities and Exchange Commission. The State Department, through a letter of November 28, 1975 from the Secretary of State to the Attorney General, emphasized that it did not want to shield any American company from the consequences of admittedly illegal conduct abroad, and that the Department did not want to impede authorized investigations by agencies of the United States. However, to the extent that a protective order would be consonant with these investigations, the State Department expressed concern that

> premature disclosure to third parties of certain of the names and nationalities of foreign officials *at this preliminary stage of the proceedings* in the present case would cause damage to United States foreign relations. (Emphasis added)

Recognizing that the Securities and Exchange Commission does not intend to make (nor does the mandate of the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* require) disclosure until the present investigation is completed, the concerns of the Department of State can be adequately met with minor modifications of applicant's proposed order.

Accordingly, upon consideration of the entire record and oral argument herein, the Court finds that the Securities and Exchange Commission is seeking relevant information for a lawfully authorized purpose, pursuant to 15 U.S.C. § 78u, *Securities and Exchange Commission v. Brigadoon Scotch Dist. Co.*, 480 F.2d 1047 (2nd Cir. 1973), it is this 17th day of December, 1975,

Ordered, that the Applicant's Motion is hereby granted and that upon five days notice, the Respondents Lockheed Aircraft Corporation and Daniel J. Haughton shall appear, testify and produce records concerning the matter under investigation, as required by the subpoena issued by the Securities and Exchange Commission, and it is,

Further ordered that the documents produced by the Respondents pursuant to this Order shall remain subject to the continuing jurisdiction of this Court, and it is

Further ordered, that neither the Securities and Exchange Commission nor any member of its staff shall produce any document provided by Respondents pursuant to this Order, or information obtained therefrom and not otherwise available to the Securities and Exchange Commission, to any third party, except a duly authorized grand jury, until:

(A) the Commission first affords interested agencies of the United States Government and Respondents herein, ten days notice prior to releasing such documents to permit such interested parties an opportunity to apply to this Court for whatever relief they may be entitled; and

(B) this Court has ruled upon such request for relief;

Provided, However, that nothing contained in this Order shall affect the ability of the Securities and Exchange Commission to (i) utilize such documents, or information obtained therefrom, in connection with any investigative proceeding; (ii) refer documents or information to an agency of the government with law enforcement responsibilities so long as such agency subjects itself to the jurisdiction of this Court and to the terms of this Order; or (iii) initiate, prosecute, or respond to an appropriate request by the Department of Justice to initiate or prosecute, any civil action, administrative proceeding, referral of information to the Department of Justice, or report of investigation, provided for under the Securities Act of 1933, the Securities Exchange Act of 1934, the Investment Company

Act of 1940, the Investment Advisers Act of 1940, the Trust Indenture Act of 1939, or the Public Utility Holding Company Act of 1935, arising out of its investigation of the Respondents, as the Securities and Exchange Commission deems appropriate, and it is

Further Provided, however, that the Securities and Exchange Commission shall take such additional steps, as it deems appropriate, to maintain the confidentiality of the documents subject to this Order.